# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

MARIAN ELDER,

    Plaintiff,

v.                                                                       Case No. 20-10066

STATE OF MICHIGAN,
*et al.*,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF COSTS AND DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff Marian Elder sues Defendants Brian Mackie, Washtenaw County Prosecutor, Yasmin Wint, Jennifer Yeakey, and Judge David L. Jordon. (ECF No. 1, PageID.2-3.) Plaintiff moves to proceed without prepayment of costs. (ECF No. 2.) The court will grant Plaintiff's motion. However, when a complainant proceeds in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)) ("Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted.").

Although difficult to decipher, Plaintiff alleges violations of the First Amendment's free speech and free exercise clauses as well as violation of the Fourteenth Amendment's due process clause. (ECF No. 1, PageID.3-4.) Plaintiff further claims that

Defendants engaged in "discrimination" and "hate crimes." (*Id.*) Plaintiff is seeking damages under 42 U.S.C. § 1983. (*Id.*, PageID.3, 5.) In his statement of facts, Plaintiff asserts that that he was prosecuted by Mackie and Wint and sentenced by Judge Jordon, on the recommendation of Yeakey. (*Id.*, PageID.4.) Plaintiff was allegedly forced to wear a tether as a result, which caused permanent physical damage. (*Id.*, PageID.5.)

Plaintiff has not stated a plausible claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Any suit against the prosecutors Mackie and Wint for advocating and obtaining a conviction against Plaintiff is barred by prosecutorial immunity. *Howell v. Sanders*, 668 F.3d 344, 349-50 (6th Cir. 2012) (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997)) ("State prosecutors are absolutely immune from civil liability when acting within the scope of their prosecutorial duties . . . 'The critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process.'"). Any claim against Judge Jordon for his sentencing of Plaintiff and ordering a tether is barred by judicial immunity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("It is well established that judges are entitled to absolute immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction."). Similarly, a suit against Yeakey, a probation officer who allegedly advised Judge Jordon on sentencing, is barred by quasi-judicial immunity. *Loggins v. Franklin County*, 218 Fed. App'x 466, 476-77 (6th Cir. 2007)

(finding that a probation officer's advice to a judge was "intimately associated with judicial proceedings" and entitled to immunity); *Huffer v. Bogen*, 503 Fed. App'x 455, 461 (6th Cir. 2012).

The State of Michigan has sovereign immunity. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000) (citations removed) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (describing narrow exceptions that Plaintiff does not allege). To the extend Plaintiff sues the State of Michigan, that claim is also barred. Thus, Plaintiff fails to state a claim against any Defendant. Accordingly,

IT IS ORDERED that Plaintiff Marian Elder's Application to Proceed Without Prepayment of Costs (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED for failure to state a claim.

       s/Robert H. Cleland      /
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: February 5, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 5, 2020, by electronic and/or ordinary mail.

       s/Lisa Wagner      /
       Case Manager and Deputy Clerk
       (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-10066.ELDER.Dismissal.RMK.docx